IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CRE/ADC VENTURE 2013-1, LLC | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 2:12-CV-01433-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| R&M INVESTORS, LLC, HIGH | ) | |
| SOCIETY LLC, JOHN DAVID | ) | |
| MADISON, ELIZABETH MADISON | ) | |
| F/K/A ELIZABETH LOVE-LEE, KING | ) | |
| SOCIETY PROPERTY OWNER'S | ) | |
| ASSOCIATION, INC. D/B/A KING | ) | |
| SOCIETY PROPERTY OWNER'S | ) | |
| ASSOCIATION AND THIRTY-TWO | ) | |
| VENDUE RANGE COUNCIL OF | ) | |
| CO-OWNERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED CONSENT FINAL JUDGMENT OF FORECLOSURE AND SALE

The Plaintiff, CRE/ADC VENTURE 2013-1, LLC, ("Plaintiff" or "CRE") and

Defendants R&M Investors ("R&M"), John Madison, Elizabeth Madison, High Society, LLC

("HS"), King Society Property Owner's Association, Inc. d/b/a King Society Property Owner's

Association ("King Society POA") and Thirty-Two Vendue Range Council of Co-owners, Inc.

("Vendue Range POA"), by and through their undersigned attorneys, and stipulate and agree to

the Court's entry of the following Amended Consent Final Judgment of Foreclosure and Sale

amending and supplementing the Consent Final Judgment of Foreclosure and Sale (Dkt. No. 72)

to recognize CRE as the substituted Plaintiff and to allow for marketed sale of the subject

properties as an alternative to foreclosure, as follows:

## PRELIMINARY FINDINGS OF FACT AND STIPULATIONS

1. The Federal Deposit Insurance Corporation ("FDIC") is a governmental agency whose primary function is to promote the stability of the nation's banking system through a system of federal deposit insurance.

2. Atlantic Bank & Trust, Charleston, South Carolina ("Atlantic Bank") is a former financial institution chartered under the laws of the State of South Carolina.

3. On June 3, 2011, the Office of Comptroller of Currency declared Atlantic Bank insolvent, and appointed the Federal Deposit Insurance Corporation as its receiver pursuant to Order Number 2011-40 ("FDIC-Receiver").

4. By operation of law, FDIC-Receiver succeeded to "all rights, titles, powers and privileges of the former Atlantic Bank, pursuant to 12 U.S.C. §§1821(d)(2)(A)(I) and 1821(d)(2)(B).

5. Plaintiff CRE is a Delaware Limited Liability Company and is the assignee of all right, title and interest in the R & M Loan Documents and HS Loan Documents as defined herein, as evidenced by those certain Allonges, Omnibus Assignments, Assignment of Real Estate Mortgages filed December 31, 2013 at Deed Book 381, Page 700 and Deed Book 381, Page 703, Charleston County Register of Mesne Conveyance and Assignments of Assignment of Leases, Rents and Profits filed December 31, 2013 at Deed Book 381, Page 709 and Deed Book 381, Page 710, Charleston County Register of Mesne Conveyance ("Assignments"). By virtue of the Assignments, CRE is now the rightful holder of all of the loan documents referenced herein.

6. The Court substituted CRE for FDIC-Receiver as Plaintiff and the real party in interest in this matter as provided in that Order Granting Consent Motion for Substitution of CRE/ADC Venture 2013-1, LLC as Plaintiff entered on April 8, 2014 (Dkt. No. 85).

7. Defendant R&M Investors, LLC ("R&M") is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina.

8. Defendant High Society, LLC ("HS") is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina.

9. Defendant John David Madison ("John Madison") is an individual and a resident of Charleston County, South Carolina.

10. Defendant Elizabeth Madison f/k/a Elizabeth Love-Lee ("Elizabeth Madison") is an individual and a resident of Charleston County, South Carolina.

11. Defendants King Society Property Owner's Association, Inc. d/b/a King Society Property Owner's Association and Thirty-Two Vendue Range Council of Co-owners, Inc., are nonprofit corporations organized and existing under the laws of the State of South Carolina with their principal places of business in Charleston County, South Carolina.

12. The Court has jurisdiction over this action pursuant to 12 U.S.C. § 1819.

13. This is an action for the foreclosure of land, fixtures and personal property, among other things, located in Charleston County, South Carolina. Venue is proper in the county where the land, fixtures and personal property are located.

14. Plaintiff's Summons and Verified Complaint were entered by the United States District Clerk for the District of South Carolina, Charleston Division on May 30, 2012.

15. Plaintiff's Lis Pendens was entered by the United States District Clerk for the District of South Carolina, Charleston Division and the Clerk of Court for Charleston County, South Carolina on May 31, 2012.

16. Service of process was made upon the Defendants named in this Consent Final Judgment of Foreclosure as Sale as is shown by the proofs of service filed herein.

17. Defendants filed their Answers to Plaintiff's Verified Complaint by and through their respective attorneys of record.

## STIPULATIONS AND FINDINGS OF FACT FOR LOANS TO R&M INVESTORS, LLC

18. On or about March 26, 2010, Defendants R&M, John Madison and Elizabeth Madison, entered into a loan agreement ("R&M Loan Agreement") for One Million Sixty Two Thousand One Hundred Ninety Eight and 001100 ($1,062,198.00) Dollars, with the former Atlantic Bank to refinance existing loans secured by certain condominium units located in Charleston County, South Carolina and to pay closing and other costs related to such acquisition.

19. On or about March 26, 2010, R&M executed and delivered a promissory note to the former Atlantic Bank, with interest at the rate of 5.5% per annum, evidencing a loan in the original principal amount of Nine Hundred Ninety Seven Thousand One Hundred Ninety Eight and 00/100 ($997,198.00) Dollars ("R&M Note I").

20. On or about March 26, 2010, R&M executed and delivered a promissory note to the former Atlantic Bank, with interest at the rate of 5.5% per annum, evidencing another loan to R&M in the original principal amount of Sixty Five Thousand and 00/100 ($65,000.00) Dollars ("R&M Note II").

21. In order to better secure R&M Note I and R&M Note II, R&M executed and delivered to the former Atlantic Bank, a Commercial Mortgage of Real Property and Security Agreement (the "R&M Mortgage") dated March 26, 2010, and recorded on April 2, 2010, in the Office of the Register of Deeds for Charleston County in Book 0115 at Page 327.

22. In order to better secure R&M Note I and R&M Note II, John Madison and Elizabeth Madison executed and delivered to the former Atlantic Bank, a Commercial Mortgage of Real Property and Security Agreement (the "Pine Hollow Mortgage") dated March 26, 2010, and recorded on April 2, 2010, in the Office of the Register of Deeds for Charleston County in Book 0115 at Page 320.

23. In order to better secure R&M Note I and R&M Note II, HS executed and delivered to the former Atlantic Bank, a Commercial Mortgage of Real Property and Security Agreement (the "HS Mortgage"), dated March 26, 2010, and recorded on April 2, 2010, in the Office of the Register of Deeds for Charleston County in Book 0115 at Page 321.

24. In order to better secure R&M Note I and R&M Note II, a UCC Financing Statement (R&M Financing Statement) was recorded on April 2, 2010, in the Office of the Register of Deeds for Charleston County under File Year 2010 and File Number 07131, covering the real property, fixtures, personal property and other collateral described on Exhibits "A" and "B" of the R&M Financing Statement.

25. In order to better secure R&M Note I and R&M Note II, R&M executed and delivered to the former Atlantic Bank, a Security Agreement ("R&M Security Agreement") dated March 26, 2010, covering Exhibits "A" and "B" of the R&M Security Agreement.

26. As additional security for R&M Note I and R&M Note II, R&M executed an Assignment of Leases, Rents and Profits ("R&M Assignment of Leases") dated March 26, 2010. The

R&M Assignment of Leases gives the former Atlantic Bank a security interest in all leases, rents, licenses, fees, money paid or payable to R&M under the terms of any leases related to the subject property and all revenue, income, royalties, profits, income and benefits for the subject property. The R&M Assignment of Leases was recorded on April2, 2010, in Book 0115 at Page 328 in the Office of the Register of Deeds for Charleston County, South Carolina.

27. As additional security for R&M Note I and R&M Note II, R&M executed an Assignment of Licenses, Permits and Approvals and Contracts, Agreements and Equipment Leases ("R&M Assignment of Licenses") dated March 26, 2010. The R&M Assignment of Licenses appoints the former Atlantic Bank, attorney-in-fact for R&M, effective upon the occurrence of an event of default, to demand, receive and enforce any rights, interests and benefits accruing to R&M under the terms of the permits, contracts and equipment leases and to sue in connection with R&M's rights under the permits, contracts and equipment leases in connection with the use or occupancy of the "Improvements on the Property" as that term is defined in the R&M Loan Agreement.

28. As additional security for R&M Note I and R&M Note II, R&M executed an Assignment of Rights, Documents and Contracts ("R&M Assignment of Contracts") dated March 26, 2010. The R&M Assignment of Contracts assigns the former Atlantic Bank a security interest in R&M's right, title and interest in the "Project Documents" as defined in the R&M Assignment of Contracts. Upon the occurrence of a default by R&M in the payment of R&M Note I or R&M Note II or the R&M Loan Agreement, CRE is authorized to demand, receive and enforce any rights, interests and benefits accruing to R&M under the terms the Project Documents.

29. On or about March 26, 2010, to further secure payment of R&M Note I and R&M Note II, and as additional consideration for R&M Note I, R&M Note II, and the R&M Loan Agreement, Defendants John Madison and Elizabeth Madison, each, executed and delivered to Atlantic Bank, for value, a Guaranty Agreement.

30. On or about March 20, 2011, Defendants R&M, John Madison, Elizabeth Madison, High Society, LLC, and the former Atlantic Bank entered into a forbearance agreement ("Forbearance Agreement") in which Atlantic Bank agreed to forbear in the collection and foreclosure of R&M Note I, R&M Note II, R&M Mortgage, Pine Hollow Mortgage, R&M Financing Statement, R&M Security Agreement, R&M Assignment of Leases, R&M Assignment of Licenses and R&M Assignment of Contracts (collectively referred to as the "R&M Loan Documents") provided R&M made certain payments as scheduled in the Forbearance Agreement. Under the terms of the Forbearance Agreement, the maturity date of the R&M Loan Documents was modified so as to change the maturity date for R&M Note I and R&M Note II to December 15, 2011.

31. Defendant Vendue Range POA may claim some interest in the R&M property described on Exhibit "1" attached hereto, and that is the subject of this foreclosure action, by virtue of the following liens (collectively referred to as the "Vendue Range POA Liens ") filed in the Office of the Register of Deeds for Charleston, County, South Carolina:

   a. Vendue Range POA lien filed against John David Madison d/b/a R&M Investors, LLC, in the original amount of $4,177.62, dated April 1, 2009, recorded in Book 0046 at Page 800;

   b. Vendue Range POA lien filed against R&M Investors, LLC in the original amount of $4,880.29, dated September 10, 2009 recorded in Book 0080 at Page 785;

    c. Vendue Range POA lien filed against John David Madison d/b/a R&M Investors, LLC, in the original amount of $5,186.85, dated April 1, 2009, recorded in Book 0046, page 799;

    d. Vendue Range POA lien filed against R&M Investors, LLC, in the original amount of $8,009.66, dated September 10, 2009, recorded in Book 0080 at Page 784;

    e. Vendue Range POA lien filed against R&M Investors, LLC, in the original amount of $2,762.61, dated June 6, 2011, recorded in Book 191 at Page 398; and

    f. Vendue Range POA lien filed against R&M Investors, LLC, in the original amount of $2,425.32, dated June 6, 2011, recorded in Book 191 at Page 399.

32. Defendant Vendue Range POA stipulates that Vendue Range POA Liens are junior in priority to Plaintiff-FDIC-Receiver's R&M Mortgage, R&M Security Agreement, R&M Financing Statement, R&M Security Agreement, R&M Assignment of Leases, R&M Assignment of Licenses and R&M Assignment of Contracts (collectively the "R&M Security Documents").

33. At the time of the filing the lis pendens in connection with this action, the Defendant R&M is the record fee simple owner of the R&M mortgaged property by virtue of those certain conveyances from James H. Rike and Katharyne H. Rike to R&M Investors, LLC, by deed dated December 15, 2005, and recorded on December 15, 2005, in the office of the Register of Deeds for Charleston County in Book E566 at Page 754 and by deed dated March 20, 2006, and recorded on March 23, 2006, in the Office of the Register of Deeds for Charleston County in Deed Book E577 at Page 626.

34. Defendant R&M has defaulted under the terms of the R&M Loan Agreement, R&M Note I, R&M Note II, R&M Security Agreement, R&M Mortgage, Pine Hollow Mortgage,

R&M Financing Statement, R&M Security Agreement, R&M Assignment of Leases, R&M Assignment of Licenses, R&M Assignment of Contracts and R&M Forbearance Agreement by R&M's failure to pay as agreed.

35. Defendant R&M's failure to make payments as agreed constitutes an event of default.

36. On or about October 13, 2011, Defendant R&M was sent a notice of its default via express mail overnight delivery.

37. Defendant R&M has failed and refused to cure its defaults.

38. R&M Note I and R&M Note II provide, among other things, that in the event a payment is not made within 10 days after it is due, R&M shall pay a late payment fee equal to five (5%) percent of the unpaid portion of the scheduled payment.

39. R&M Note I and R&M Note II provide, among other things, that the failure to pay any part of the indebtedness when due constitutes an event of default.

40. R&M Note I and R&M Note II provide, among other things, that upon an event of default, including the failure to pay upon maturity, the interest rate applicable to the outstanding indebtedness increases by five (5%) percent per annum above the rate that was in effect.

41. Defendant R&M has failed to make payments due under the terms of R&M Note I and R&M Note II, has failed to pay the outstanding indebtedness on R&M Note I and R&M Note II as of December 15, 2011, the maturity date for R&M Note I and R&M Note II.

42. R&M is in default under the terms of the covenants and provisions of the R&M Loan Documents.

43. The amounts due and owing on R&M Note I, with interest and default interest at the rates provided in the R&M Loan Documents, and the costs and expenses of collection, including reasonable attorneys' fees are as follows:

| | | |
|---|---|---|
| a. | Principal due as of August 31, 2013: | $995,623.68 |
| b. | Interest after July 28, 2011 to August 31, 2013 at 5.50% per annum: | 122,568.23 |
| c. | Default interest after July 30, 2011 to August 31, 20 13 at the rate of 5.00% per annum: | 105,508.40 |
| d. | Late charges: | 5,534.50 |
| e. | Cost of collection prior to entry of judgment: | 1,044.68 |
| f. | Attorneys' fees paid: | 23,220.13 |
| g. | Attorneys' fees not yet paid: | 6,750.00 |

**R&M Note I Total Debt: $1,260,249.62**

**"R&M Note I Total Debt"** in the amount **of $1,260,249.62,** including interest and default interest through August 31, 2013 is secured by R&M Security Documents and the HS Mortgage, HS Security Agreement, HS Mortgage, HS Financing Statement, HS Assignment of Leases, HS Assignment of Licenses and HS Assignment of Contracts (collectively the "HS Security Documents"). Interest and default interest accrue after August 31, 2013 through the date of entry of judgment at the per diem rate of $290.3903 (the combined per diem rate for interest and default interest), to be added to the above stated, **R&M Note I Total Debt,** to comprise the amount of debt on R&M Note I secured by the R&M Security Documents and the HS Security Documents.

44. The amounts due and owing on R&M Note II, with interest and default interest accruing at the rate provided in the R&M Loan Documents, and costs and expenses of collection, including reasonable attorneys' fees are as follows:

    a.  Principal due as of August 31,2013:            $57,242.03

    b.  Interest after July 28, 2011 to August 31,

        2013 at 5.50% per annum:                5,465.77

    c.  Default interest after December 15, 2011 to August

        31, 2013 at the rate of 5.00% per annum:     4,968.95

**R&M Note II Total Debt: $67,676.75**

**"R&M Note II Total Debt"** in the amount of **$67,676.75**, including interest and default interest through August 31, 2013, is secured by the R&M Security Documents and the HS Security Documents. Interest and default interest accrue after August 31, 2013, through the date of entry of judgment at the per diem rate of $16.6956 (combined per diem rate for interest and default interest), to be added to the above stated, R&M Note II Total Debt, to comprise the amount secured by the R&M Security Documents and the HS Security Documents.

45. Plaintiff CRE waives personal judgment against the Defendants R&M, John Madison and Elizabeth Madison for any deficiency in this action remaining after the sale of the collateral described on Exhibits "1" and "2," attached hereto.

## STIPULATIONS AND FINDINGS OF FACT FOR THE LOANS TO HIGH SOCIETY, LLC

46. On or about March 26, 2010, HS, John Madison and Elizabeth Madison, entered into a loan agreement ("HS Loan Agreement") for Two Million Three Hundred Thirty Three Thousand Seven Hundred Twenty Four and 491100 ($2,333,724.49) Dollars, with

Atlantic Bank to refinance existing loans secured by certain condominium units located in Charleston County, South Carolina and to pay closing and other costs related to such acquisition.

47. On or about March 26, 2010, HS executed and delivered to the former Atlantic Bank, a promissory note with interest at the rate of 5.50% per annum, evidencing a loan in the amount of One Million Nine Hundred Thousand and 00/100 ($1,900,000.00) Dollars ("HS Note I").

48. On or about March 26, 2010, HS executed and delivered to the former Atlantic Bank, a promissory note with interest at the rate of 5.50% per annum, evidencing another loan to HS in the amount of Four Hundred Thirty Three Thousand Seven Hundred Twenty Four and 49/100 ($433,724.49) Dollars ("HS Note II").

49. In order to better secure HS Note I and HS Note II, HS executed and delivered to the former Atlantic Bank, a Commercial Mortgage of Real Property and Security Agreement (the "HS Mortgage") dated March 26, 2010, and recorded on April 2, 201 0, in the Office of the Register of Deeds for Charleston County in Book 0115 at Page 321.

50. In order to better secure HS Note I and HS Note II, Defendants John Madison and Elizabeth Madison executed and delivered a Commercial Mortgage of Real Property and Security Agreement (the "Pine Hollow Mortgage") dated March 26, 2010, and recorded on April 2 2010, in the Office of the Register of Deeds for Charleston County in Book 0115 at Page 320.

51. In order to better secure HS Note I and HS Note II, HS Note I and HS Note II are further secured by a Commercial Mortgage of Real Property and Security Agreement executed and delivered to the former Atlantic Bank by R&M (the "R&M Mortgage") dated March

- 12 -

26, 2010, and recorded on April 2, 2010, in the Office of the Register of Deeds for Charleston County in Book 0115 at Page 327.

52. In order to better secure HS Note I and HS Note II, a UCC Financing Statement ("HS Financing Statement") was recorded on April 2, 2010, in the Office of the Register of Deeds for Charleston County under File Year 2010 and File Number 07130, covering the real property, fixtures, personal property and other collateral described on Exhibits "A" and "B" of the HS Financing Statement.

53. In order to better secure HS Note I and HS Note II, HS executed and delivered to the former Atlantic Bank, a Security Agreement ("HS Security Agreement") dated March 26, 2010, covering the property described on Exhibits "A" and "B," therein.

54. As additional security for HS Note I and HS Note II, HS executed an Assignment of Leases, Rents and Profits ("HS Assignment of Leases") dated March 26, 2010. The HS Assignment of Leases gives the former Atlantic Bank a security interest in all leases, rents, license fees, money paid or payable to HS under the terms of any leases related to the subject property and all revenue, income, royalties, profits income and benefits for the subject property. The HS Assignment of Leases was recorded on April 2, 2010, in Book 0115 at Page 323 in the Office of the Register of Deeds for Charleston County, South Carolina.

55. As additional security for HS Note I and HS Note II, HS executed an Assignment of Licenses, Permits and Approvals and Contracts, Agreements and Equipment Leases ("HS Assignment of Licenses") dated March 26, 2010. The HS Assignment of Licenses appoints Atlantic Bank, as attorney-in-fact for HS, effective upon the occurrence of an event of default, and authorizes the attorney-in-fact to demand receive and enforce any

rights, interests and benefits accruing to HS under the terms of the permits, contracts and equipment leases concerning the subject property and to sue in connection with HS's rights under any permits, contracts and equipment leases in connection with the use or occupancy of the "Improvements on the Property" as that term is defined in the HS Loan Agreement.

56. As additional security for HS Note I and HS Note II, HS executed an Assignment of Rights, Documents and Contracts ("HS Assignment of Contracts") dated March 26, 2010. The HS Assignment of Contracts assigns to the former Atlantic Bank a security interest in HS's right, title and interest in the "Project Documents" as defined in the HS Assignment of Contracts.

57. Upon the occurrence of a default by HS in the payment of HS Note I or HS Note II or the HS Loan Agreement, Plaintiff CRE is authorized to demand, receive and enforce any rights, interests and benefits accruing to HS under the terms of the HS Project Documents.

58. On or about March 26, 2010, to further secure payment of HS Note I and HS Note II, and as additional consideration for HS Note I, HS Note II and the HS Loan Agreement, Defendants John Madison and Elizabeth Madison, each, executed and delivered to the former Atlantic Bank, for value, a Guaranty Agreement.

59. On or about March 20,2011, Defendants HS, John Madison, Elizabeth Madison, R&M and the former Atlantic Bank entered into a forbearance agreement ("Forbearance Agreement") in which Atlantic Bank agreed to forbear in the collection and foreclosure of HS Note I, HS Note II and HS Mortgage, the Pine Hollow Mortgage, HS Financing Statement, HS Security Agreement, HS Assignment of Leases, HS Assignment of

Licenses and HS Assignment of Contracts (collectively referred to as the "HS Loan Documents") provided HS made certain payments as scheduled in the Forbearance Agreement. Under the terms of the Forbearance Agreement, the maturity date of the HS Loan Documents was modified so as to change the maturity date for HS Note I and HS Note II to December 15, 2011.

60. Defendant King Society POA may claim some interest in the HS mortgaged property that is the subject of this foreclosure action by virtue of the following King Society POA Liens filed in the Office of the Register of Deeds for Charleston, County, South Carolina:

   a. King Society POA lien filed against High Society, LLC, in the original amount of $3,072.25, dated February 18, 2011, recorded in Book 173 at Page 028;

   b. King Society POA lien filed against High Society, LLC, in the original amount of $3,072.25, dated February 18, 2011, recorded in Book 173 at Page 029;

   c. King Society POA lien filed against High Society, LLC, in the original amount of $3,848.87 dated February 18, 2011, recorded in Book 173 at Page 031;

   d. King Society POA lien filed against High Society, LLC, in the original amount of $3,670.19, dated February 18,2011, recorded in Book 173 at Page 035; and

   e. King Society POA lien filed against High Society, LLC, in the original amount of $3,789.03, dated February 18, 2011, recorded in Book 173 at Page 032.

61. Defendant King Society POA stipulates and agrees that the King Society POA Liens are junior in priority to Plaintiff CRE's HS Security Documents.

62. At the time of the filing of the lis pendens in connection with this action, the Defendant HS, was the record fee simple owner of the HS mortgaged property by virtue of that certain conveyance from MCR, LLC and CEE Associates, LLC to High Society, LLC by

- 15 -

deed dated September 20, 2007, and recorded on September 25, 2007, in the Office of the
Register of Deeds for Charleston County in Deed Book N639 at Page 465.

63. Defendant HS has defaulted under the terms of the HS Loan Documents by its failure to
pay as agreed.

64. Defendant HS's failure to make payments constitutes an event of default under the HS
Loan Documents.

65. On or about October 13, 2011, Defendant HS was sent a notice of its default via express
mail overnight delivery.

66. Defendant HS has failed and refused to cure its default.

67. HS Note I and HS Note II provide, among other things, that in the event a payment is not
made within 10 days after it is due, HS shall pay a late payment fee equal to five (5%)
percent of the of the unpaid portion of the scheduled payment.

68. HS Note I and HS Note II provide, among other things, that the failure to pay any part of
the indebtedness when due constitutes an event of default.

69. HS Note I and HS Note II provide, among other things, that upon an event of default,
including the failure to pay upon maturity, the interest rate applicable to the outstanding
indebtedness increases by five (5%) percent per annum above the rate that was in effect.

70. Defendant HS has failed to make payments due under the terms of HS Note I and HS
Note II, has failed to pay the outstanding indebtedness on HS Note I and HS Note II, as
of December 15, 2011, the maturity date for HS Note I and HS Note II.

71. Defendant HS is in default under the terms of the covenants and provisions of the HS
Loan Agreement, HS Note I, HS Note II, HS Security Agreement, HS Mortgage, HS

Financing Statement, HS Security Agreement, HS Assignment of Leases, HS Assignment of Licenses, HS Assignment of Contracts and the Forbearance Agreement.

72. The amounts due and owing on HS Note I, with interest at the rate provided by the HS Loan Documents, and costs and expenses of collection, including reasonable attorneys' fees are as follows:

| | | |
|---|---|---|
| a. | Principal due as of August 31,2013: | $1,900,000.00 |
| b. | Interest after July 25, 2011 to August 31, 2013 at 5.50% per annum: | 244,423.60 |
| c. | Default interest after July 25, 2011 to August 31, 2013 at the rate of 5.00% per annum: | 201,347.32 |
| d. | Late charges: | 9,458.84 |
| e. | Cost of collection prior to hearing: | 1,044.68 |
| f. | Attorneys' fees paid: | 23,220.13 |
| g. | Attorneys' fees not yet paid: | 6.750.00 |

**HS Note I Total Debt: $2,386,244.57**

**"HS Note I Total Debt"** in the amount of **$2,386.244.57**, including interest and default interest, through August 31, 2013, is secured by the HS Security Documents and the R&M Security Documents. Interest and default interest after August 31, 2013, accrue through the date of entry of judgment at the per diem rate of $554.1667 (combined per diem rates for interest and default interest), to be added to the above stated, **"HS Note I Total Debt,"** to comprise the amount HS Note I Total Debt secured by the HS Security Documents and R&M Security Documents.

73. The amounts due and owing on the HS Note II, with interest at the rate provided the HS Loan Documents, and other costs and expenses of collection, including attorneys' fees are as follows:

| | | |
|---|---|---|
| a. | Principal due as of August 31 , 2013: | $433,724.49 |
| b. | Interest after December 15, 2011 to August 31, 2013 at 5.50% per annum: | 41,414.68 |
| c. | Default interest after December 15, 2011 to August 31, 2013 at the rate of 5.00% per annum: | 37,649.68 |
| d. | Late charges: | 1,194.98 |

**HS Note II Total Debt: $513.983.83**

**"HS Note II Total Debt"** in the amount of **$513,983.83** including interest and default interest through August 31, 2013, is secured by the HS Security Documents and the R&M Security Documents. Interest and default interest accrue after August 31, 2013 through the date of entry of judgment at the per diem rate of $126.5030 (combined per diem rates for interest and default interest), to be added to the above stated, **HS Note II Total Debt,** to comprise the amount of debt secured by the HS Security Documents and the R&M Security Documents.

74. Plaintiff CRE waives personal judgment against the Defendants HS, John Madison and Elizabeth Madison for any deficiency in this action remaining after the sale of the collateral described on Exhibits "1" and "2," attached hereto.

## CONCLUSIONS

Plaintiff CRE and Defendants stipulate and the Court concludes as follows:

75. Plaintiff CRE is the sole owner and holder of the R&M Loan Documents and HS Loan Documents. The R&M Security Documents and the HS Security Documents each constitute a first priority lien on the property described on Exhibits "1" and "2," attached hereto.

76. Plaintiff CRE should have judgment of foreclosure of the R&M Security Documents and the HS Security Documents for all amounts due under R&M Note I, R&M Note II, HS

Note I and HS II Note, including interest, costs, attorneys' fees and disbursements as aforesaid.

77. CRE is entitled to have the property described on Exhibits "1" and "2," attached hereto, and any and all rights held by R&M and HS ordered to be:

    a.  Sold at public auction after due advertisement. The sale shall be made subject to taxes constituting a lien.

       **AND/OR**

    b.  Sold through a real-estate broker/agent hired by the court appointed receiver in a commercially reasonable manner. All sales shall be made subject to taxes constituting a lien. In the event the property (or any portion thereof) is sold through a real-estate broker/agent, the Receiver shall be paid a disposition fee of 6% of the sales price, which shall be inclusive of all broker/agent commissions.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:**

A. That there is due to the Plaintiff CRE on R&M Note I and R&M Note II the aggregate amount of $1,327,926.37, plus accruals after August 31, 2013, through the date of entry of judgment as set out in Paragraphs 42 and 43, supra, plus interest from the date of entry of judgment at the rate of 10.50%, representing the sum of R&M Note I Total Debt and R&M Note II Total Debt due to the Plaintiff as set out in Paragraphs 42 and 43, *supra.*

B. That the amounts due on the R&M Note I and R&M Note II as set forth in Paragraphs 42 and 43, *supra* (and later accrued interest and costs), shall constitute the total judgment debt due to the Plaintiff CRE on R&M Note I and R&M Note II and shall bear interest hereafter at the rate of 10.50% per annum.

C.  That there is due to Plaintiff CRE on HS Note I and HS Note II, the aggregate amount of $2,900,228.40, plus accruals after August 31, 2013, through the date of entry of judgment as set out in Paragraphs 72 and 73, supra, plus interest from the date of entry of judgment at the rate of 10.50%, per annum, representing the sum of the HS Note I Total Debt.

D.  That the amounts due on HS Note I and HS Note II as set forth in Paragraphs 72 and 73, *supra* (and later accrued interest and costs), shall constitute the total judgment debt due to Plaintiff CRE on HS Note I and HS Note II and shall bear interest from the date of entry of judgment at the rate of 10.50% per annum.

E.  To the extent Plaintiff CRE advances, or its predecessor-in-interest, FDIC-Receiver advanced, money after August 31, 2013, for insurance or other expenses to preserve the property described on Exhibits" 1" and "2," attached hereto, or to complete the foreclosure and sale, such advances may be added to the Total Debt for R&M Note I, R&M Note II, HS Note I and HS Note II.

F.  It is anticipated that Plaintiff CRE will pay the costs of marketing and advertising the encumbered property, and any costs associated with this shall be added to the Total Debt owed by R&M and HS and secured by the R&M Security Documents and the HS Security Documents.

G.  That the Defendants liable for the aforesaid debts shall, prior to the date and time of the sale of the subject property, hereinafter described, pay to the Plaintiff, or the Plaintiff's attorney, the amount of the debt as aforesaid, together with the costs and disbursements of this action.

H.  The properties described on Exhibits "1" and "2" attached hereto, may be:

a. Listed and sold, either separately or together, by a real-estate broker/agent hired by Glass Ratner Advisory and Capital Group, LLC ("Glass Ratner"), or one of its agents or employees, in a commercially reasonable manner, with fees and commissions to be disbursed as provided for herein;

**AND/OR**

b. Be sold, either separately or together, by Glass Ratner, or one of its agents or employees, at the Charleston County Courthouse, in the City of Charleston, County and State aforesaid, on some convenient sales day hereafter, on the following terms, that is to say:

1. FOR CASH: That Glass Ratner shall require a deposit of 5% on the amount of the bid (in cash or equivalent) the same to be applied on the purchase price only upon compliance with the bid, but in case of non-compliance within twenty (20), the same to be forfeited and applied to the costs and then to the Plaintiff CRE's debt.

2. Interest on the balance of the bid shall be paid to the day of compliance at the rate of 10.50% per annum.

3. The sale shall be subject to all Charleston County real and personal property taxes and user fees, and assessments, existing easements, covenants, agreements and restrictions of record.

Purchaser to pay for the deed and the cost of recording the deed

I. The loans that are the subject of this mortgage foreclosure are commercial loans and are not subject to the requirements of the Home Affordable Modification Program (HMP).

J. That the Glass Ratner shall apply the proceeds of the sales as follows:

FIRST:    To the payment of the amount of the costs and expenses of this
action, including any guardian ad litem fee or fees of attorneys
appointed under order of the court; and

NEXT:    To the payment of the amount owed to the Plaintiff, or the Plaintiff's
attorney, of the amount of the Plaintiff's debt and interest or so much
thereof as the purchase money will pay on the same.

NEXT:    Any surplus will be held pending further Order of this Court.

K. That it is further ORDERED, ADJUDGED AND DECREED that, in the event the
purchaser is other than the Defendant(s) in possession herein, the U.S. Marshall is hereby
authorized to eject and remove from the premises the occupant(s) of the property sold,
together with any and all personal property located thereon, and to put the successful
purchaser, or his assigns, in full, quiet and peaceable possession.

L. That it is further ORDERED, ADJUDGED AND DECREED that Defendants John
Madison, Elizabeth Madison f/k/a Elizabeth Love-Lee are dismissed from this action.

M. That it is further ORDERED, ADJUDGED AND DECREED that each Defendant named
herein, and all persons whomsoever claiming under him, them or it, be forever barred and
foreclosed of all right, title, interest and equity of redemption in the said mortgaged
premises so sold, or any part thereof.

N. That it is further ORDERED, ADJUDGED AND DECREED that the deed of
conveyance made pursuant to this judgment and said sale shall contain the names of only
the Plaintiff CRE, the named Defendants, who were the title holders of the subject
property at the time of the filing of the Lis Pendens, and the Grantee; and that the Office
of the Clerk of Court of Charleston County is hereby authorized to omit from the indices
pertaining to such conveyance the names of all parties not contained in said deed.

O.  That the undersigned U.S. District Judge shall retain jurisdiction to do all necessary acts incident to this foreclosure, including, but not limited to, the issuance of a Writ of Assistance and disposing of any surplus funds.

P.  A description of the R&M Property encumbered by the R&M Security Documents and the HS Security Documents and herein ordered sold is attached hereto as Exhibit "1."

Q.  A description of the HS Property encumbered by the HS Security Documents and R&M Security Documents and herein ordered sold is attached hereto as Exhibit "2"

R.  That it is further ORDERED, ADJUDGED AND DECREED that the Plaintiff shall file a certified copy of this Amended Consent Final Judgment of Foreclosure and Sale in the Office of the Register of Deeds for Charleston County, County, South Carolina.

**IT IS SO ORDERED**

_____
Richard M. Gergel
United States District Judge

May 2 7, 2014
Charleston, South Carolina

- 23 -