IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2014 OCT 17 A 11:48

| | |
|---|---|
| CRE/ADC VENTURE 2013-1, LLC ) | |
| ) | |
| Plaintiff, ) | C/A No.: 2:12-CV-01433-RMG |
| ) | |
| vs. ) | |
| ) | |
| R&M INVESTORS, LLC, HIGH ) | |
| SOCIETY LLC, JOHN DAVID ) | **ORDER CONFIRMING SALE** |
| MADISON, ELIZABETH MADISON ) | |
| F/K/A ELIZABETH LOVE-LEE, KING ) | |
| SOCIETY PROPERTY OWNER'S ) | |
| ASSOCIATION, INC. D/B/A KING ) | |
| SOCIETY PROPERTY OWNER'S ) | |
| ASSOCIATION AND THIRTY-TWO ) | |
| VENDUE RANGE COUNCIL OF ) | |
| CO-OWNERS, INC., ) | |
| ) | |
| Defendants. ) | |

## CONFIRMATION ORDER

This matter comes before the court on Plaintiff CRE/ADC VENTURE 2013-1, LLC'S Motion for entry of an order confirming and approving of the sale of property. (Dkt. No. 90). Pursuant to the Court's Amended Consent Final Judgment of Foreclosure Order and Sale (herein referred to as "Final Foreclosure Order") (Dkt. No. 89), Receiver Joel Murovitz of GlassRatner Management & Realty Advisors, LLC has entered into a Purchase and Sale Agreement (hereinafter "Purchase Agreement") for the sale of the property described in Exhibit "1" of this Order to REO Solutions, LLC, a South Carolina Limited Liability Company, for the purchase price of Two Million One Hundred Sixty-Four Thousand Eight Hundred Fifty And No/100 dollars ($2,164,850.00). No opposition has been filed to the motion.

After reviewing the Motion and relevant attachments, including the Purchase Agreement itself, this Court finds that Pursuant to the Final Foreclosure Order, said Purchase Agreement

was entered into in a commercially reasonable manner, and represents a fair and reasonable price for the property described in Exhibit "1" attached hereto.

IT IS THEREFORE ORDERED that Receiver Joel Murovitz of GlassRatner Management & Realty Advisors, LLC proceed with the sale as contemplated in the Purchase Agreement. The Court hereby approves the sale of the property described in Exhibit "1" and hereby confirms that Joel Murovitz of GlassRatner Management & Realty Advisors, LLC, as receiver, may issue a receiver's deed to REO Solutions, LLC, for the valuable consideration of Two Million One Hundred Sixty-Four Thousand Eight Hundred Fifty And No/100 dollars ($2,164,850.00).

**IT IS SO ORDERED**

_____
Richard M. Gergel
United States District Judge

October /7 , 2014
Charleston, South Carolina

Exhibit 1

### HS Property

### EXHIBIT "A"

### Real Property Description

ALL those certain condominium units known and designated as UNITS 201, 203, 204, 301, 304 and 305 of the KING SOCIETY HORIZONTAL PROPERTY REGIME in that certain Master Deed For King Society Horizontal Property Regime, a horizontal property regime established by MCR, LLC, and CEE ASSOCIATES, LLC, pursuant to the South Carolina Horizontal Property Act, Section 27-31-10, et. seq., South Carolina Code of Laws, 1976, as amended, which said Master Deed is dated May 18, 2007, and recorded May 21, 2007, in Book E626, Page 412, in the RMC Office for Charleston County, S. C., together with all exhibits attached thereto, and together with an undivided interest in the common elements declared by said Master Deed to be appurtenances to the units hereby conveyed.

BEING a portion of the property conveyed to High Society, LLC by deed of MCR, LLC and CEE Associates, LLC, dated September 20, 2007 and recorded in Book N-639, Page 465 of the Charleston County RMC Office.

### EXHIBIT "B"

(a)     All buildings, structures and improvements of every kind and description (the "Improvements") now or hereafter erected or placed on the property described in Exhibit "A" attached hereto and made a part hereof (the "Land"); and all materials intended for construction, reconstruction, alterations and repair of such Improvements now or hereafter erected thereon, all of which materials shall be deemed to be included within the Improvements immediately upon the delivery thereof to the Land or Improvements, and all fixtures and articles of personal property now or hereafter owned by the Debtor and attached to or contained in and used in connection with the aforesaid Land and Improvements including, but not limited to, all furniture, furnishings, inventory, apparatus, machinery, equipment, motors, elevators, fittings, radiators, ranges, refrigerators, awnings, shades, screens, blinds, carpeting, office equipment and other furnishings and all plumbing, heating, lighting, cooking, laundry, ventilating, refrigerating, incinerating, air conditioning and sprinkler equipment, telephone systems, television and television systems, computer systems and fixtures and appurtenances thereto and all renewals or replacements thereof or articles in substitution thereof, whether or not the same are or shall be attached to the Land and Improvements in any manner (the Land and Improvements together with the personal property described above are hereafter referred to as the "Property"); and

(b)     Any and all of the security deposits, rents, royalties, issues, profits, revenues, income, license fees and other benefits of the Property and improvements thereon from time to time accruing; and

(c) Any and all leases (including equipment leases and leases of personal property), rental agreements, management contracts, contracts of sale, franchise agreements, technical services agreements, construction contracts, surveys, plans and specifications, architect's contracts, contract rights, general intangibles, permits, approvals, trade names, trademarks, service marks, patents pending, goodwill, utility service bonds and/or cash deposits, site improvement bonds and/or cash deposits, building permits, sewer and water connections and/or tap-in permits, curb-cut permits, utility service agreements, actions and rights in action now or hereafter acquired pertaining to the Property, including all rights to insurance proceeds and condemnation proceeds, and licenses and permits now or hereafter affecting the Property and Improvements thereon; and

(d) all warranties and guaranties covering any appliances, equipment and fixtures owned by Debtor now or hereafter located upon the Land or used in connection with the Improvements including without limitation, air-conditioning, heating and other appliances and equipment; and

(e) all sales agreements, reservation agreements, deposit receipts, escrow agreements, and other ancillary documents and agreements entered into with respect to the sale to any purchasers of any part of the Land, together with all deposits and other proceeds of the sale thereof; and

(f) all of the water, sanitary and storm sewer systems now or hereafter owned by Debtor which are now or hereafter located by, over and/or upon the Land or the Improvements or any part and parcel thereof, including all water and sewer lines, equipment and appurtenances; and

(g) Any and all materials (stored on-site or off-site), reserves, deferred payments, deposits or advance payments for materials (stored on-site or off-site), undisbursed loan proceeds, insurance refunds, insurance proceeds, impound accounts, refunds for overpayment of any kind, to the extent the same arise out of or occur in connection with the construction of the Improvements.

(h) General Intangibles. All general intangibles including, but not limited to, tax refunds, applications for patents, patents, copyrights, trademarks, trade secrets, good will, trade names, customer lists, permits and franchises, and the right to use Debtor's name, including, without limitation, all rights to the name "High Society".

Together with all proceeds, products, replacements, additions, substitution, renewals and accessions to any of the foregoing collateral. A portion of the above described goods are or are to be affixed to the Land and Improvements. The record owner of the real property described in Exhibit "A" hereto is the Debtor.

## ALSO

(A) ACCOUNTS: all accounts, contract rights, chattel paper, instruments and documents, whether now owned or hereafter created or acquired by Debtor or in which Debtor now has or hereafter acquires any interest;

(B) INVENTORY: all of Debtor's inventory, including, but not limited to, all goods intended for sale or lease by Debtor, or for display or demonstration; all work in process; all raw

materials and other materials and supplies of every nature and description used or which might be used in connection with the manufacture, printing, packing, shipping, advertising, selling, leasing or furnishing of such goods or otherwise used or consumed in Debtor's business; and all documents evidencing and General Intangibles relating to any of the foregoing, whether now owned or hereafter acquired by Debtor;

(C)     EQUIPMENT: all machinery, apparatus, equipment, fittings, furniture, fixtures, motor vehicles, and other tangible personal Property (other than Inventory) of every kind and description used in Debtor's operations or owned by Debtor or in which Debtor has an interest, whether now owned or hereafter acquired by Debtor and wherever located, and all parts, accessories and special tools and all increases and accessions thereto and substitutions and replacements therefor;

(D)     GENERAL INTANGIBLES: all general intangibles of Debtor, whether now owned or hereafter created or acquired by Debtor, including, without limitation, all choses in action, causes of action, judgments, corporate or other business records, deposit accounts, inventions, designs, patents, patent applications, servicemarks, trademarks, trade names, trade secrets, goodwill, copyrights, registrations, licenses, franchises, customer lists, tax refund claims, computer programs, together with all rights to the name "High Society," all claims under guaranties, security interests or other security held by or granted to Debtor to secure payment of any of the Accounts by an Account Debtor, all rights to indemnification and all other intangible property of every kind and nature (other than Accounts);

(E)     FIXTURES: all fixtures, improvements and other personal property now or hereafter acquired, affixed or located on the real property more fully described on the attached Exhibit A attached hereto (the "Real Property"), together with an assignment of all rents, profits, leases, income, contracts, condemnation awards, insurance proceeds and security deposits relating to the Real Property;

(F)     MONEY AND DEPOSITS: All monies, deposits and other Property of any kind, now or at any time or times hereafter, in the possession or under the control of the Secured Party or a bailee of the Secured Party;

(G)     ACCESSIONS, REPLACEMENTS & PROCEEDS: All accessions to, substitutions for and all replacements, products and cash and non-cash proceeds of any of the Collateral described in A, B, C, D, E, or F above, including, without limitation, proceeds of and unearned premiums with respect to insurance policies insuring any of the Collateral; and

(H)     RECORDS: All books and records (including, without limitation, customer lists, credit files, computer programs, print-outs, and other computer materials and records) of Debtor pertaining to any of the Collateral described in A, B, C, D, E, F or G above.